UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH
CAROLINA CHARLOTTE DIVISION
CIVIL ACTION NO.:

| | |
|---|---|
| **MARTIN MARIN GONZALEZ,** | |
| **Plaintiff,** | |
| v. | |
| **CITY OF CHARLOTTE,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **OFFICER JOSHUA MICHAEL EYER,** individually, | |
| **JOHN AND JANE DOE'S 1-4,** City of Charlotte employees and police officers, | |
| **Defendants.** | |

## INTRODUCTION

**COMES NOW**, the Plaintiff, MARTIN MARIN GONZALEZ, through undersigned counsel, before this Court to file this COMPLAINT, requesting legal and equitable relief for unconstitutional and tortious conduct committed by the City of Charlotte and multiple officers (hereinafter collectively referred to as "Defendants"). Plaintiff reserves the right to amend this Complaint.

Plaintiff, an unarmed Mexican male, was working at a store on March 6, 2021, when he was unjustly and unlawfully assaulted and arrested. The following explains how this

occurred. On that day, Plaintiff had a conversation with a young man in the Plaza el Mariachi parking lot located in Charlotte, North Carolina. Upon information and belief the young man was embarrassed, spiteful, and/or bitter and called the police allegedly stating Plaintiff had a weapon. Defendants were dispatched to investigate whether any threat was present. Suddenly, uniformed, sworn, and on-duty officers of Mecklenburg Police Department entered the store. Plaintiff was discovered by Defendants working in a calm peaceful manner. Plaintiff was asked to put his hands behind his back and walk out of the store. Plaintiff complied. Then suddenly, he was pushed against a display case, threw to the ground, grabbed him by his hair, assaulted, face and ear slammed into the ground repeatedly, broke his glasses, put in handcuffs, placed in a patrol vehicle, all without reasonable suspicion or probable cause of any criminal conduct. He still experiences distress from this egregious behavior.

The unprovoked and unreasonable actions of the officers violated Plaintiff's statutory rights pursuant to 42 U.S.C. § 1983, which creates an individual and private right of action against any person who "under color" of the law deprives "any rights, privileges, or immunities secured by the Constitution and laws." Specifically, the officers violated Plaintiff's clearly established rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution.

Furthermore, Defendants' illegal and prolonged restraint of Plaintiff amounted to false imprisonment in North Carolina. In addition, Defendants' actions caused Plaintiff to suffer extreme emotional distress in violation of North Carolina law. Moreover, Defendants' intentional and unjustified physical acts constituted assault and battery under North Carolina law. Defendants also committed negligence under North Carolina law by failing to meet their duty of care in their official duties. Furthermore, Defendants committed trespass against Plaintiff's interests in North

Carolina. Finally, Defendants committed negligence by failing to exercise due care in the hiring, training, and supervision of the officers. Plaintiff now seeks damages.

## PARTIES

1. Plaintiff MARTIN MARIN GONZALEZ is a Mexican male, that resides Mecklenburg County, Charlotte, North Carolina.

2. Defendant City of Charlotte is a municipal corporation and political subdivision, organized and existing under the laws of the State of North Carolina. The City of Charlotte owns, operates, manages, directs, and controls Defendant Charlotte Mecklenburg Police Department (hereinafter collectively with the City of Charlotte referred to as "Defendant Charlotte").

3. Defendant Officer EYER J (hereinafter referred to as "Defendant EYER") is a white male Mecklenburg Police Department officer who was uniformed, sworn, and on-duty when he encountered Plaintiff.

4. Defendant John and Jane Doe's 1-4 are all relevant employees and officers of Defendant Charlotte, the names and addresses of residence of which are unknown (hereinafter collectively with Defendant EYER referred to as "Defendant Officers").

5. The City of Charlotte was at all times relevant to this Complaint responsible for its employees, including the employees of the Mecklenburg Police Department. The City of Charlotte is charged under the law with the duty of hiring, supervising, training, disciplining, and establishing policy such that the conduct of its employees will conform to the Constitutions and laws of the State of North Carolina and of the United States of America.

6. Defendant Charlotte and Defendant Officers are "persons" for purposes of 42 U.S.C. § 1983.

7. At all times relevant to this cause, Defendant Officers acted in conformance with policies, practices, usage, and/or customs pertaining to, among other things, investigations, arrests, and use of force, as set by Defendant Charlotte.

8. At all times relevant to this cause, Defendant Officers were acting within the course and scope of their employment and under color of law.

## JURISDICTION

9. This Complaint seek recourse for the Plaintiff based on a violation of constitutional civil rights under 42 U.S.C. § 1981, a federal statute, and, as such, this Court has jurisdiction over these Claims pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over all matters "arising under the Constitution, laws, or treaties of the United States," as well as 28 U.S.C. § 1343, given the "deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States."

10. Counts in this Complaint seek recourse for the Plaintiff based on tortious conduct under North Carolina law, arising from the facts, and, as such this Court has supplemental jurisdiction over these state-based Claims pursuant to 28 U.S.C. § 1367, because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

11. Defendants have established sufficient contacts in the Eastern District, subjecting each of them to personal jurisdiction in this district.

12. This Court has jurisdiction to award attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. §§ 1983 and 1988.

## VENUE

13. Venue is proper before this Court pursuant to 28 U.S.C § 1391(b)(2) because the events and omissions giving rise to Plaintiff's claims occurred in Mecklenburg County, Charlotte, North Carolina, which is situated within the Western District of North Carolina Charlotte Division.

14. Venue is proper before this Court pursuant to 28 U.S.C § 1391(b)(1) because Defendant Charlotte is located within the Western District of North Carolina Charlotte Division.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

15. During the relevant time in question, Plaintiff was working in the Plaza el Mariachi located in Mecklenburg County, Charlotte, North Carolina.

16. Plaintiff sells jewelry and cell phone accessories.

17. Unknown individuals were illegally blocking the way in the parking lot with a vehicle in the Plaza el Mariachi.

18. Plaintiff honked his horn and requested that the individuals move.

19. The individuals did not move, so Plaintiff drove around, and parked.

20. The unknown individual then parked in front of the store Plaintiff was at.

21. Plaintiff approached him and suggested that next time he was going to have a conversation with some he should park so as to not block the transit area.

22. The unknown individual started to insulted Plaintiff, then opened the door of the vehicle he was in, and tried to move toward Plaintiff. Plaintiff wanted to avoid problems so he closed the unknown individual's vehicle door, and asked him to leave.

23. Plaintiff left that area and entered his workplace. Sometime later, the Defendants arrived, asking for him.

24. Plaintiff responded to the officers request and complied.

25. Immediately and suddenly other Defendants approached Plaintiff, pushed him against the display case, threw him to the ground, pushed his face into the ground repeatedly and assaulted him.

26. They caused damages to his body and his property.

27. Thereafter, the Defendants searched Plaintiff and his workplace for any weapons. None were found because Plaintiff did not have any.

28. When Plaintiff asked for the reason of the arrest and assault Defendants replied assault, which was unjustified taking into account that the plaintiff never assaulted anyone and was unarmed.

29. Defendant Officers then intimidated others standing by that were advocating for the Plaintiff to, "shut up, otherwise, they were going to be arrested."

30. Plaintiff was unlawfully taken to jail and charged for "refusing to follow commands."

## COUNT ONE
## DEPRIVATION OF CIVIL RIGHTS
## BY FALSE ARREST/UNLAWFUL SEIZURE AND ARREST
## UNDER 42 U.S.C. § 1983

31. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs above.

32. Defendant Officers, in all of their actions described in this Complaint, were acting under color of law.

33. Defendant Officers wrongfully and unjustifiably arrested Plaintiff and subsequently dragged him out of his store in handcuff, without running a previous investigation and inquiring the Plaintiff of the facts that led to the call.

34. Defendant Officers deprived Plaintiff of her constitutional rights under the Fourth Amendment in a way that Defendant Officers should have fully understood was wrongful and in violation of clearly established law that Plaintiff was aware of.

35. Specifically, Defendant Officers lacked reasonable suspicion to arrested Plaintiff when they prohibited him from talking and explaining his self, because they lacked a particularized and objective basis for suspecting that Plaintiff was engaged in any criminal activity when they began interacting with him, particularly because they only approached Plaintiff looking for a man.

36. Moreover, Defendant Officers lacked probable cause to arrest Plaintiff when they refused to allow Plaintiff to talk and placed him in handcuffs, because a reasonable officer would not be justified in concluding that Plaintiff was violating the law when Defendant Officers approached Plaintiff working peacefully in a store and did not see a weapon.

37. The conduct of the Defendant Officers towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 "to be secure in their persons . . . against unreasonable searches and seizures."

38. As a direct and proximate result of the unlawful interaction, and arrest, Plaintiff was deprived of his civil rights as guaranteed by the Fourth Amendment of the Constitution and suffered humiliation, degradation, apprehension for their bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

39. Plaintiff is entitled to attorney's fees expended in this litigation pursuant to 42

U.S.C. § 1988.

**WHEREFORE**, Plaintiff demands judgment for compensatory and punitive damages against Defendant Officers and, in addition thereto, demands the award of attorney's fees and court costs pursuant to 42 U.S.C. §§ 1983 and 1988 and demands a trial by jury on all issues so triable.

**COUNT TWO**
**DEPRIVATION OF CIVIL RIGHTS**
**BY EXCESSIVE FORCE**
**UNDER 42 U.S.C. § 1983**

40. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs above.

41. Defendant Officers wrongfully and unjustifiably used excessive force in unlawfully seizing Plaintiff when they forcefully seized and arrested him.

42. Defendants Officers lacked reasonable suspicion and probable cause that Plaintiff was engaged in unlawful activity during the event in question, as elaborated in paragraphs 28 through 36.

43. No reasonable officer in the same circumstances would have concluded that Plaintiff, unarmed and cooperative, posed a threat to Defendant Officers.

44. No reasonable officer in the same circumstances would have concluded that Plaintiff, calmly working at a store, was actively evading or resisting Defendant Officers.

45. Despite the lack of circumstances meriting any use of force, Defendant Officers aggressively, physically, and without warning grabbed, wrestled, and yanked Plaintiff out of the store during the event in question, very quickly escalating to an extreme use of force.

46. Upon manhandling Plaintiff out of his store, and still lacking reasonable suspicion and probable cause of any wrongdoing or threat, Defendant Officers forcefully slammed his head into the sidewalk multiple times, handcuffed him, and forced Plaintiff in the patrol vehicle.

47. Defendant Officers' force in effectuating the unlawful arrest against Plaintiff was excessive because it was disproportionate, based on the totality of the circumstances.

48. Defendant Officers knowingly, continuously, and incessantly used excessive force against Plaintiff, against clearly established rights the Plaintiff knew of.

49. Defendant Officers, while acting under color of law as authorized officers and agents of Defendant Charlotte, deprived Plaintiff of clearly established rights, under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983, because they used excessive force to seize a free citizen.

50. The actions alleged in this Complaint directly and proximately resulted in bodily injury and property damage to Plaintiff.

51. As a direct and proximate result of the gross misconduct of Defendant Officers as set out in this Complaint and associated deliberate indifference, Plaintiff was injured, and is entitled to recover damages flowing from the deprivations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

52. Plaintiff is entitled to attorney's fees expended in this litigation pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant Officers, and, in addition, demands attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988 and demands trial by jury on all issues so triable.

### COUNT THREE

# FALSE IMPRISONMENT
## UNDER NORTH CAROLINA LAW

53. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs above.

54. Defendant Officers intentionally and illegally restrained Plaintiff by force and by an express and implied threat of further force.

55. Defendant Officers' restraint of Plaintiff was illegal, in that her seizure and arrest were committed without reasonable suspicion or probable cause.

56. Defendant Officers' intentional and illegal restraint of Plaintiff was against Plaintiff's will and without his consent.

57. Defendant Officers acted maliciously when they persisted in their excessively forceful and unlawful seizure and arrest, particularly given Plaintiff's never resisted and was willing to cooperate.

58. Defendant Officers went beyond the scope of their duties as law enforcement when they seized and arrested Plaintiff without reasonable suspicion or probable cause and thereafter used unlawful excessive force against Plaintiff.

59. Defendant Officers' conduct directly and proximately caused Plaintiff to suffer injuries, including, but not limited to, cutting his ear, humiliation, degradation, apprehension for their bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

60. Defendants' conduct was committed in bad faith, with malicious purposes, or a willful or wanton disregard of human rights, safety or property.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER NORTH CAROLINA LAW

61. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs above.

62. Defendant Officers' conduct during the event in question was extreme and outrageous, in that Defendant Officers effectuated an unlawful detention and arrest of Plaintiff, and applied excessive force in conducting the same, by using their public office and a show of authority in the absence of reasonable suspicion, probable cause, or any display of threat or flight, beyond the bounds of decency in a civilized community.

63. Defendant Officers' acts were committed with the specific intent of causing Plaintiff severe emotional distress or with reckless indifference that their conduct would likely cause severe and prolonged emotional distress.

64. Defendant Officers went beyond the scope of their duties as law enforcement when they seized and arrested Plaintiff without reasonable suspicion or probable cause and thereafter used unlawful excessive force against Plaintiff.

65. Defendant Officers' conduct did in fact cause Plaintiff to suffer severe emotional distress, including, but not limited to humiliation, degradation, apprehension for her bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## COUNT FIVE
## ASSAULT AND BATTERY
## UNDER NORTH CAROLINA LAW

66. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs above.

67. Defendant Officers' intentional conduct during the events in question created a reasonable apprehension of immediate harm to Plaintiff and actual infliction of harmful or offensive contact upon Plaintiff's person.

68. Defendant Officers' actions were carried out with the specific purpose of bringing about Plaintiff's apprehension of immediate harm and to physically contact Plaintiff without his consent, in an attempt to seize, detain, restrain, and subdue Plaintiff.

69. Plaintiff was in fact apprehensive and harmed due to Defendant Officers' conduct during the events in question.

70. Indeed, Plaintiff's apprehension and harm caused Plaintiff's ear to be cut up due to being slammed on the side of his face with an earbud in and other physical manifestations.

71. Furthermore, Defendant Officers' intentional and unjustified acts directly and proximately caused harmful or offensive contact to Plaintiff's body when Defendant Officers' excessive use of force commenced, persisted, continued, and escalated during the events in question.

72. Defendant Officers acted maliciously in their wanton abuse of authority and use of unnecessary and excessive force.

73. Defendant Officers' conduct directly and proximately caused Plaintiff to suffer injuries, including, but not limited to, cutting his ear of, humiliation, degradation, apprehension for their bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## COUNT SIX
## NEGLIGENT EXECUTION OF OFFICIAL DUTIES
## UNDER NORTH CAROLINA LAW

74. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs above.

75. Defendant Officers, as sworn law enforcement officers of the Mecklenburg Police Department, owed an official duty to Plaintiff to protect, rather than deprive, Plaintiff of his rights and physical and emotional well-being, and a duty to follow the policies created by the Mecklenburg Police Department for police officers.

76. Defendant Officers breached their duty to Plaintiff based upon their unlawful conduct during the events in question, including, but not limited to, their unconstitutional seizure and arrest of Plaintiff, their unconstitutional use of force, and their tortious conduct as described in Counts I through VI.

77. Upon information and belief, Defendant Officers failed to follow Mecklenburg Police Department's Policy, because they stopped Plaintiff without reasonable suspicion that he was committing a crime and failed to perform a brief and diligent investigation to dispel suspicions quickly.

78. Defendant Officers failed to follow Mecklenburg Police Department's Policy, because they detained Plaintiff without probable cause that he was committing a crime and failed to release Plaintiff within a reasonable period of time

79. Defendant Officers failed to follow Mecklenburg Police Department's Policy, because they placed Plaintiff in handcuffs without any reasonable suspicion that Plaintiff was a threat to the Defendant Officers and kept him in handcuffs despite having no probable cause that Plaintiff was committing a crime.

80. Defendant Officers failed to follow Mecklenburg Police Department's Policy, because they increased their use of force despite no possibility of violence or resistance, and they failed to use de-escalation techniques before escalating to physical force.

81. Defendant Officers' breach of their duties to Plaintiff directly and proximately caused Plaintiff to suffer damages, including, but not limited, to physical injuries and severe emotional distress, such as humiliation, degradation, apprehension for their bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

82. Defendant Officers should have foreseen the likelihood that Plaintiff would be harmed by their actions and/or inactions, including, but not limited to, their unlawful and illegal seizure and arrest, along with their unlawful, excessive, unreasonable, and disproportionate use of force.

83. Defendant Officers breached their duty of care with an intentional indifference to the predictable severe injury and damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## COUNT SEVEN
## TRESPASS
## UNDER NORTH CAROLINA LAW

84. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs above.

85. Defendant Officers unlawfully and without consent entered on the Property and Plaintiff's workplace, which Plaintiff was in possession of, and which Plaintiff had a right to be in free from interference.

86. Defendant Officers' invasion of Plaintiff's rights was unlawful and committed by direct force, including, but not limited to, physically grabbing, wrestling, yanking, and manhandling Plaintiff.

87. Defendant Officers' conduct directly and proximately caused Plaintiff to suffer injuries, including, but not limited to, cutting his ear of, humiliation, degradation, apprehension for their bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## COUNT EIGHT
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION
## UNDER NORTH CAROLINA LAW

88. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs above.

89. Defendant Charlotte, responsible of managing, hiring, training, and supervising the officers of the Mecklenburg Police Department, owed a duty to Plaintiff to properly hire, train, and supervise police officers in their execution of their official duties, as well as to follow official policies for the safety of the public.

90. Defendant Charlotte breached its duty of care by failing to properly hire, train, and supervise Defendant Officers, who acted beyond and against their official duties during the events in question, including, but not limited to, those enumerated in paragraphs 28 through 93 and thoroughly explained in Counts I through VIII, resulting in multiple harms to Plaintiff.

91. Defendant Charlotte failed to follow the Mecklenburg Police Department's Policy, because it did not appropriately recruit and select; train and educate; or professionally develop Defendant Officers.

92. Defendant Charlotte breached of its duty to Plaintiff directly and proximately caused Plaintiff to suffer damages, including, but not limited, to physical injuries and severe emotional distress, such as humiliation, degradation, apprehension for their bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

93. Defendant Charlotte should have foreseen the likelihood that Plaintiff would be harmed by their actions and/or inactions, including, but not limited to, failing to properly hire, train, and supervise Defendant Officers.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays this Honorable Court: Enter judgment in Plaintiff's favor, and against the Defendants, and: (a) for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (b) consequential damages, (c) punitive damages; (d) all costs and disbursements of this action and such other attorney's fees; and (e) further relief as justice requires.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a jury trial for all issues in this matter.

DATED, this 5 day of July 2023.

/s/ Brian E. Thompson, Esq.
Brian E. Thompson, Esq.
NCBN. 54316
Thompson Law Firm
301 N. Main St.
Suite 2449
Winston-Salem, NC 27101
P: 336.559.7530
E: Brian@ThompsonPersonalInjury.com

Attorney for Plaintiff