| | | |
|---|---|---|
| **MARTIN MARIN GONZALEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **CITY OF CHARLOTTE, ET AL.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss for Failure to State a Claim, filed by Defendants City of Charlotte and Joshua Michael Eyer, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 7).

## I. BACKGROUND AND PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff filed this action on July 5, 2023, naming as Defendants the City of Charlotte, Charlotte police officer Joshua Michael Eyer, and four John and Jane Does, identified as City of Charlotte employees and police officers. The following allegations in the Complaint are taken as true for the purposes of Defendants' motion to dismiss[1]:

During the relevant time in question, Plaintiff, a Mexican male residing in Mecklenburg County, was working in the Plaza el Mariachi located in Mecklenburg County, Charlotte, North Carolina on March 6, 2021. (Doc. No. 1 p. 1, ¶¶ 1, 15). Plaintiff sells jewelry and cell phone accessories. (Id. ¶ 16). Unknown individuals were illegally blocking the way in the parking lot

---

[1] Defendants' statement of facts surrounding Plaintiff's arrest differs significantly from Plaintiff's and relies heavily on narratives produced by City of Charlotte and other Mecklenburg County documents (police reports, narrative reports, etc.). At this stage, the Court must accept the Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff.

with a vehicle in the Plaza el Mariachi. (Id. ¶ 17). Plaintiff honked his horn and asked the individuals to move. (Id. ¶ 18). The individuals did not move, so Plaintiff drove around and parked. (Id. ¶ 19). An unknown individual then parked in front of the store. (Id. ¶ 20). Plaintiff approached him and told him not to block the transit area. See (Id. ¶ 21). The person insulted Plaintiff and then opened his car door and started to move toward Plaintiff. (Id. ¶ 22). Plaintiff wanted to avoid problems, so he closed the person's vehicle door and asked him to leave. (Id.).

Plaintiff went in the store. (Id. ¶ 23). Sometime later, Defendant police officers arrived, asking for him. (Id.). Plaintiff responded to the officers' request and complied. (Id. ¶ 24). Other Defendants suddenly approached Plaintiff, pushed him against a display case, threw him to the ground, and pushed his face into the ground repeatedly, assaulting him, and causing damage to his body and property. (Id. ¶¶ 25, 26). Defendants then searched Plaintiff and his workplace for weapons but found none because Plaintiff did not have any. (Id. ¶ 27). When Plaintiff asked for the reason of the arrest and assault Defendants replied "assault," which was unjustified because Plaintiff never assaulted anyone and was unarmed. (Id. ¶ 28). Defendant Officers then told bystanders who were advocating for Plaintiff to "shut up, otherwise, they were going to be arrested." (Id. ¶ 29). Plaintiff was unlawfully taken to jail and charged for "refusing to follow commands." (Id. ¶ 30).

Based on the above factual allegations, Plaintiff filed this action on July 5, 2023, alleging the following claims: (1) false arrest/unlawful seizure and arrest in violation of the Fourth and Fourteenth Amendments; (2) excessive force in violation of the Fourth and Fourteenth Amendments; (3) false imprisonment under North Carolina law; (4) intentional infliction of emotional distress under North Carolina law; (5) assault and battery under North Carolina law; (6) negligent execution of official duties under North Carolina law; (7) trespass under North

Carolina law; and (8) negligent hiring, training, and supervision under North Carolina law. Plaintiff seeks consequential, compensatory, and punitive damages.

On October 6, 2023, Defendants City of Charlotte and Joshua Michael Eyer filed the pending motion to dismiss. Plaintiff responded in opposition to the motion to dismiss, and Defendants filed a Reply. (Doc. Nos. 8, 9). This matter is ripe for disposition.

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption

3

of truth. <u>Iqbal</u>, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. <u>Id.</u> at 679.

### III.    DISCUSSION

The Court first finds that, to the extent that Plaintiff has sued the individual Defendants for claims sounding in negligence only, Defendants enjoy public official immunity from these claims. <u>Slade v. Vernon</u>, 110 N.C. App. 422, 428 (1993) ("A public official is immune from personal liability for "mere negligence in the performance of his duties, but he is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties."); <u>see also</u> <u>McCullers v. Lewis</u>, 265 N.C. App. 216, 222 (2019) ("Since public official immunity may only insulate public officials from allegations of mere negligence, only those of Plaintiffs' causes of action sounding in negligence come within the doctrine's reach."); <u>Shaw v. Stroud</u>, 13 F.3d 791, 803 (4th Cir. 1994) (stating that "[a] negligent infliction of emotional distress claim, by its very definition, necessarily alleges only negligence. Therefore, [defendant public official] is absolutely immune" from this claim.); <u>Hines v. Johnson</u>, No. 1:19cv515, 2020 WL 1516397, at *21 (M.D.N.C. Mar. 20, 2020) (unpublished) (granting Defendants' motion to dismiss negligent infliction of emotional distress claim based on public official immunity).

Given the liberal pleading standards of <u>Iqbal</u> and <u>Twombly</u>, however, the remaining claims survive the motion to dismiss. Defendants dispute Plaintiff's factual allegations surrounding his arrest, but the Court must take as true Plaintiff's allegations for purposes of this motion to dismiss, and the Court must draw all reasonable factual inferences in Plaintiff's favor.

4

For example, Defendants argue that, by Plaintiff's own allegations, he admits that he committed at least a simple assault on another person, giving officers probable cause to arrest Plaintiff. Defendants also contend that Plaintiff brandished a gun at another person. Plaintiff denies that he assaulted anyone. He also denies brandishing a gun at anyone. The Court is not allowed to resolve contests of fact on a Rule 12(b)(6) motion to dismiss. Based on Plaintiff's allegations, the Court determines that this matter should be allowed to proceed to discovery on all claims, except those sounding in negligence only.

## IV.    CONCLUSION

For the reasons stated herein, the Court will grant Defendants' motion to dismiss in part and deny it in part.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 7), is **GRANTED** in part and **DENIED** in part.

Signed: December 4, 2023

Max O. Cogburn Jr
United States District Judge