UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:23-cv-403

| | |
|---|---|
| MARTIN MARIN GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHARLOTTE, OFFICER JOSHUA MICHAEL EYER, et al.,<br><br>Defendants. | **DEFENDANTS CITY OF CHARLOTTE AND EYERS' ANSWER TO PLAINTIFF COMPLAINT** |

NOW COMES, Defendants City of Charlotte and Officer Joshua Michael Eyer, ("Defendants") through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### FRIST DEFENSE
Defendants plead all applicable immunities to which they are entitled by operation of law in bar of Plaintiff's rights to recover herein, including, but not limited to statutory immunity, qualified immunity, public official immunity, and public duty doctrine.

### PARTIES

1. Defendants deny the allegation of this paragraph for a lack of information and belief.

2. Defendant City of Charlotte ("City") admits it is a municipal corporation and manages, directs and control the Charlotte-Mecklenburg Police Department ("CMPD").

3. Defendants admit.

4. Defendants deny the allegation of this paragraph for a lack of information and belief.

5. Defendants deny the allegations of Paragraph 5 as stated. Without waiving such denial, the City admits it maintains CMPD in which it hires supervises and trains police officers.

6. Defendants admit.

7. Defendants deny the allegations of Paragraph 7 as stated. Defendants assert their actions conformed with the legal standard set forth by the Fourth Amendment and applicable state laws.

8. Defendants admit.

## JURISDICTION

9. The statement in Paragraph 9 does not warrant a reply by the Defendants. To the extent the Court seeks a response the allegations are denied as the thing speaks for itself.

10. The statement in Paragraph 10 does not warrant a reply by the Defendants. To the extent the Court seeks a response the allegations are denied as the thing speaks for itself.

11. Denied.

12. The statement in Paragraph 12 does not warrant a reply by the Defendants. To the extent the Court seeks a response the allegations are denied.

13. Defendants admit.

14. Defendants admit the Western District of North Carolina is proper.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

15. Defendants lack sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 15 of the Complaint, and therefore, denies the same.

16. Defendants lack sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 16 of the Complaint, and therefore, denies the same.

17. Defendants deny the allegations of Paragraph 17 as stated. Defendants admit Plaintiff engaged in a physical and verbal altercation with occupants of another vehicle.

18. Defendants deny the allegations of Paragraph 18 as stated. Defendants admit Plaintiff engaged in a physical and verbal altercation with occupants of another vehicle.

19. Defendants deny the allegations of Paragraph 19 as stated. Defendants admit Plaintiff engaged in a physical and verbal altercation with occupants of another vehicle.

20. Defendants deny the allegations of Paragraph 20 as stated. Defendants admit Plaintiff engaged in a physical and verbal altercation with occupants of another vehicle.

21. Defendants deny the allegations of Paragraph 21 as stated. Defendants admit Plaintiff engaged in a physical and verbal altercation with occupants of another vehicle.

22. Defendants deny the allegations of Paragraph 22 as stated. Defendants admit Plaintiff engaged in a physical and verbal altercation with occupants of another vehicle.

23. Defendants admit Plaintiff was inside a business when officers located him.

24. Denied. Plaintiff did not respond to officers initial request causing officers to search the entire store.

25. Denied.

26. Denied.

27. Denied as stated. Defendants admit Plaintiff was searched incident to a lawful arrest.

28. Denied.

29. Denied.

30. Denied.

## COUNT ONE
## DEPRIVATION OF CIVIL RIGHTS BY FALSE ARREST/UNLAWFUL SEIZURE AND ARREST UNDER 42 U.S.C. §1983

31. Defendants reallege and incorporates by reference the allegations contained in paragraphs above.

32. Admit.

33. Denied.

34. Denied.

35. Denied. Defendants actions were supported by reasonable suspicion and probable cause.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

### COUNT TWO
### DEPRIVATION OF CIVIL RIGHTS BY EXCESSIVE FORCE
### UNDER 42 U.S.C. § 1983

40. Defendants reallege and incorporates by reference the allegations contained in paragraphs above.

41.  Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT THREE
## FALSE IMPRISONMENT
## UNDER NORTH CAROLINA LAW

53. Defendants reallege and incorporates by reference the allegations contained in paragraphs above.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER NORTH CAROLINA LAW

61. Defendants reallege and incorporates by reference the allegations contained in paragraphs above.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT FIVE
## ASSAULT AND BATTERY UNDER NORTH CAROLINA LAW

66. Defendants reallege and incorporates by reference the allegations contained in paragraphs above.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## COUNT SIX
## NEGLIGENT EXECUTION OF OFFICIAL DUTIES
## UNDER NORTH CAROLINA LAW

74. Defendants reallege and incorporates by reference the allegations contained in paragraphs above.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT SEVEN
## TRESPASS
## UNDER NORTH CAROLINA LAW

84. Defendants reallege and incorporates by reference the allegations contained in paragraphs above.

85. Denied.

86. Denied.

87. Denied.

## COUNT EIGHT
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION
## UNDER NORTH CAROLINA LAW

88. Defendants reallege and incorporates by reference the allegations contained in paragraphs above.

89. Defendants admit the City is responsible for hiring managing and supervising the officers. Other than expressly admitted, Defendants deny the allegation.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## SECOND DEFENSE
### (Contributory Negligence/ Gross Negligence)

Plaintiff's claims are barred, reduced, or limited by Plaintiff's own misconduct, negligence, gross negligence, willful and wanton conduct, or contributory negligence/gross negligence.

## THIRD DEFENSE
### (Public Official Immunity And Sovereign Immunity)

Plaintiff's claims are barred in amounts allowed by law by the doctrine of public and sovereign immunity as allowed by law.

## FOURTH DEFENSE
### (Compliance)

At all times relevant to this action, Defendants acted in good faith in full compliance with all applicable laws, policies, and practices.

## FIFTH DEFENSE
### (No Breach of Duty)

Defendants breached no duty owed to Plaintiff.

## SIXTH DEFENSE
### (Assumption of the Risk)

Defendants pleads assumption of the risk as an affirmative defense.

## SEVENTH DEFENSE
### (Failure to mitigate)

Upon information and belief, Plaintiff had the ability to mitigate any alleged damages, and, to the extent Plaintiff failed to mitigate any such damages, Plaintiff is barred from recovering damages in this action.

## EIGHTH DEFENSE
### (No Punitive Damages)

Plaintiff is not entitled to recover punitive damages against Defendants as Plaintiff has failed to establish the legal or statutory right to punitive damages, and such an award would be unconstitutional.

## NINTH DEFENSE
### (Right to Amend)

Defendants hereby gives notice that he intends to rely on any affirmative defenses asserted by other defendants in this matter, and those defenses are incorporated by reference. Defendant

also reserves the right to amend the Answer and assert any additional affirmative defenses as they may become available or apparent throughout this litigation.

## TENTH DEFENSE
**(Qualified Immunity)**

Defendant Eyer acted in an objectively reasonable manner at all times and did not violate any of the Plaintiff's Constitutional rights. As no clearly established constitutional right of the Plaintiff was violated, Officer Eyer is entitled to qualified immunity.

**Wherefore,** the Defendants asks the Court as follows:

1. That the Plaintiff have and recover nothing of Defendant in this action;

2. That the Court dismiss this action in its entirety with prejudice;

3. That the Court award Defends costs, attorneys' fees and all other fees incurred in the defense of this action as provided by applicable law; and

4. For such other relief as the Court deems just and proper.

Respectfully submitted, this the 19th day of December, 2023.

/s/ Roger A. McCalman
N.C. Bar # 46243
Attorney for Defendants
Charlotte City Attorney's Office
600 E. Fourth Street
Charlotte, North Carolina 28202
PH: 980-279-9922
Roger.McCalman@charlottenc.gov

**CERTIFICATE OF SERVICE**

This is to certify that on this date I served the foregoing was served in this action upon the parties by filing it in the ECF system.

Brian E. Thompson
Thompson Law Firm
301 N. Main St.
Suite 2449
Winston-Salem, NC 27101
Brian@thompsonpersonalinjury.com

Respectfully submitted, this the 19th day of December, 2023.

/s/ Roger A. McCalman
N.C. Bar # 46243
Attorney for Defendants
Charlotte City Attorney's Office
600 E. Fourth Street
Charlotte, North Carolina 28202
PH: 980-279-9922
Roger.McCalman@charlottenc.gov

10
Case 3:23-cv-00403-MOC-DCK   Document 11   Filed 12/19/23   Page 10 of 10